UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIANMIN SUN,

                Plaintiff,

       -against-

CARRIE D. TEAGER,

                Defendant.

22-CV-1166 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Defendant Carrie D. Teager, who is appearing *pro se*, filed a notice of removal to remove to this court an action pending in the Circuit Court for the Eighteenth Judicial Circuit Court in Dupage County, Illinois ("Illinois Circuit Court"). *See Sun v. Johnson*, No. 2021LM00084 (Ill. Circuit Court, 18th Jud. Cir., Dupage Cnty.).

    Although Defendant Teager has not paid the fees to remove this action, and has submitted an incomplete application to proceed *in forma pauperis* ("IFP"), because removal of this action to this court is improper, the Court remands this action to the Illinois Circuit Court.

## STANDARD OF REVIEW

    A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*,

537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Defendant Teager alleges that on October 6, 2021, Plaintiff Jianmin Sun filed this action in the Illinois Circuit Court seeking, among other things, Defendant Teager's eviction from a residence in Naperville, Illinois.[1] Defendant Teager filed her notice of removal in this court on February 10, 2022.

This removal is not the first attempt to remove the Illinois state-court action to federal court. On December 9, 2021, Teager and her codefendant in the Illinois Circuit Court action, Rachel Johnson, attempted to remove this action to the United States District Court for the Northern District of Illinois, but that court remanded the action to the Illinois Circuit Court because Teager and Johnson had failed to show that the federal court had subject matter jurisdiction over the action. *See Sun v. Johnson*, No. 21-CV-6462 (N.D. Ill. Dec. 9, 2021). On February 3, 2022, Johnson filed a second notice of removal in this court. *Sun v. Johnson*, ECF 1:22-CV-1016, 1 (S.D.N.Y. Feb. 7, 2022). The action was again remanded to the Illinois Circuit Court because, under 28 U.S.C. § 1441(a), the removal was improper. ECF 1:22-CV-1016, 2.

---

[1] Defendant Teager has failed to attach to her notice of removal any pleadings, orders, or other papers filed in the Illinois state court action.

## DISCUSSION

Removal of the Illinois state-court action to this court is still improper. A state court civil action may be removed only to the federal district court embracing the place where the state court civil action is pending. 28 U.S.C. § 1441(a). Defendant Teager has removed this action from the Illinois Circuit Court, which is located in DuPage County, Illinois.[2] As this court does not embrace DuPage County, Illinois, this case may not be removed to this federal court. Accordingly, the Court remands this action to the Illinois Circuit Court. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Eighteenth Judicial Circuit Court in Dupage County, Illinois ("Illinois Circuit Court"). All pending matters are terminated.[3]

SO ORDERED.

Dated:   February 14, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] While the Northern District of Illinois is the proper federal district court to remove this action, as noted above, that court has already remanded the action to the Illinois Circuit Court. *See Sun*, No. 21-CV-6462.

[3] Defendant Teager consented to electronic service. (ECF 1.)